## THE MARGARET B. ROPER.

(Circuit Court of Appeals, Fourth Circuit. February 8, 1901).

### No. 392.

ABATEMENT AND REVIVAL—SUIT FOR COLLISION—DEATH OF LIBELANT.

A suit for collision, brought on behalf of the owners of vessel and cargo by the master, is one in which the cause of action survives the death of the libelant; and where he has given bond binding himself and his heirs and legal representatives to abide the judgment of the court, and pay the costs adjudged against him, on his death pending an appeal his administrator may be substituted in his stead.

Appeal from the District Court of the United States for the District of South Carolina.

On suggestion of the death of appellant, and motion to substitute his administrator. See 103 Fed. 886.

C. V. Meredith, for the motion.

Alfred P. Thom and J. P. K. Bryan, opposed.

Before GOFF and SIMONTON, Circuit Judges, and WADDILL, District Judge.

SIMONTON, Circuit Judge. This case comes up on appeal by Daniel H. Lamson, master of the schooner Fannie Brown, on behalf of the owners of the schooner, and on behalf of the owners of the cargo taken on board thereof, and on behalf of the officers and crew of said schooner, against the schooner Margaret B. Roper. Upon filing the libel the master entered into bond with surety containing the condition that he should ratify and confirm all acts whatsoever of his proctor done in the premises on his behalf, and shall personally appear in said court as often as he shall be personally required, and abide the judgment of the said court, or of any other court to which an appeal may be had, and pay all costs, charges, expenses, and damages taxed or assessed against him and a surety, with further consent that execution shall issue, etc. Counsel for the appellant now suggests that the master, pending the appeal, has departed this life, and asks leave to substitute George L. Currie, who is his administrator, in place of the said deceased master. The motion is resisted on the ground that, the master having acted as agent of the parties named, his personal representative is not the proper person to be substituted. Our rule No. 19 (31 C. C. A. clxi., 90 Fed. clxi.) provides: "Whenever, pending a writ of error or appeal in this court, either party shall die, the proper representative in the personalty or realty of the deceased party, according to the nature of the case, may voluntarily come in and be made parties." The rule is analogous to

that of the supreme court on this subject, This rule (No. 15) says: "Whenever, pending a writ of error or appeal in this court, either party shall die, the proper representative in the personalty or realty of the deceased party, according to the nature of the case, may voluntarily come in and be made parties to the case." That is to say, that, if the interest is in realty, the heirs at law may come, and be made parties; if in personalty, the personal representative of the proper party. Section 955 of the Revised Statutes of the United States provides that when either of the parties, plaintiff or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. So the question in the case is, does this cause of action survive? The master, having instituted the suit, entered, as has been seen, into bond binding himself, his heirs, executors, and administrators, in many particulars, confirming all the acts of his proctor prosecuting this suit, abiding the judgment of the court, pay all costs, charges, expenses, and damages, consenting that execution be issued therefor; in other words, he assumed a personal obligation to be performed by himself or his personal representative. Clearly, the cause of action survives. The motion is granted.